UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GMS DEVELOPMENT HOLDING
CO. 3, LLC,

    Plaintiff,

vs.

Case No. 17-CV-10420

HON. GEORGE CARAM STEEH

BLOOMFIELD TOWNSHIP,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [DOC 19] AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 20]

Plaintiff GMS Development Holding Co. 3, LLC ("GMS") filed this action alleging that its constitutionally protected property interest and substantive due process rights were arbitrarily and capriciously denied by defendant Bloomfield Township (the "Township") in violation of the United States Constitution and 42 U.S.C. § 1983. The matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

## FACTUAL BACKGROUND

The Bloomfield Manor subdivision consists of 34 platted subdivision lots located in Bloomfield Township. Plaintiff owns three of the lots (the "Property"). The Property is zoned R-3 Residential. A single family home is currently located on each of the lots. The average size for each of the lots in the subdivision, as developed, is 1.68 acres, with 73,407 square feet of land area and 180 feet in lot width. Plaintiff filed a Lot Split Application ("Application") with the Township requesting permission to further divide the Property into eight lots. The average lot size of the proposed lots would be 0.78 acres, with 34,274 square feet of land area and 154 feet in lot width. After holding three public hearings, the Township Board unanimously denied plaintiff's proposed lot split.

Patricia Voelker is the Township's Director of Planning, Building, and Ordinance. Voelker is responsible for reviewing Lot Split Applications submitted to the Township. In preparation for a meeting of the Township's Board of Trustees ("Board") and a public hearing on the Application to be held on December 12, 2016, Ms. Voelker prepared a memorandum reviewing the Application submitted by plaintiff. Ms. Voelker concluded that the Lot Split Application was complete and satisfied the seven objective

criteria in the Bloomfield Township's Lot Split Ordinance, but deferred to the Board to determine whether the proposed division met the subjective "compatibility" factor in the Lot Split Ordinance.

The Board denied plaintiff's Lot Split Application on the basis that the proposed division would change the character of the neighborhood due to the number of lots, density and lot size. The Board voted 7-0 in favor of denying the Application. This lawsuit followed wherein plaintiff asserts the Board denied plaintiff its right to substantive due process in violation of the Constitution and 42 U.S.C. § 1983. Plaintiff seeks an injunction ordering the Township to approve its Lot Split Application to cure the alleged violation of their substantive due process rights. Plaintiff also seeks a reasonable attorney fee pursuant to 42 USC 1988(b).

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has

affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original);

*see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

A substantive due process claim based on a local land-use decision requires the plaintiff to show "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (citation omitted). A party

cannot possess a property interest in the receipt of a benefit when the state or local body's decision to award or withhold that benefit is "wholly discretionary." *Id.* at 856 (citation omitted). On the other hand, where a local body has no discretion to deny the requested land use if the application satisfies certain minimum, mandatory requirements, then the applicant has a "legitimate claim of entitlement" or a "justifiable expectation" in the approval of its plan, which gives rise to a constitutionally protected property interest. *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992) (citation omitted).

This case requires interpretation of various sections of the Land Division Act, as well as the Bloomfield Twp. Lot Split Ordinance. The proper construction of a statute is a question of law for the court to decide, with the court's goal being to give effect to the legislature's intent. See *Lamie v United States Tr.*, 540 U.S. 526, 534 (2004). In "cases involving statutory interpretation, we look first to the language of the statute itself." *Hughey v. United States*, 495 U.S. 411, 415 (1990) (citation omitted); *United States v. Kumar*, 750 F.3d 563, 568-69 (6th Cir. 2014). Specific provisions take precedence over more general ones. *Id.*, *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 524 (1989). Interpretations which yield

internal inconsistencies or render some portion of the text superfluous are to be avoided.  See *Lake Cumberland Trust, Inc. v. EPA*, 954 F.2d 1218, 1222 (6th Cir. 1992).  Michigan law on statutory interpretation abides by the same principles.  See *Calvert Bail Bond Agency, LLC v. St. Clair Co.*, 314 Mich. App. 548, 550-51 (2016).

Section 263 of the Land Division Act ("Act") expressly applies to platted subdivisions and is the appropriate starting point for analysis in this case.  MCL 560.263.  This section specifically states that a parcel in a platted subdivision shall not be "further partitioned or divided unless" the division conforms with applicable municipal ordinances:

> *No lot, outlot, or other parcel of land in a recorded plat shall be further partitioned or divided unless in conformity with the ordinances of the municipality.*  The municipality may permit the partitioning or the dividing of lots, outlots, or other parcels of land into not more than 4 parts; however, any lot, outlet or other parcel of land not served by public sewer and public water systems shall not be further partitioned or divided if the resulting lots, outlets or other parcels are less than the minimum width and area provided for in this act.

*Id*. (emphasis added).

Plaintiff argues that its Lot Split Application is ultimately subject to Section 109 of the Land Division Act because the definition of "division," as that term is used in the Act, requires that Section 109 be satisfied:

> "Division" means the partitioning or splitting of a parcel or tract of land by the proprietor thereof . . . for the purpose of sale, or lease of more than 1 year, or of building development that results in 1 or more parcels of less than 40 acres or the equivalent, and that satisfies the requirements of sections 108 and 109.

560.102(d). Some variation of the term "division" is used in Section 263, Section 109, and in the Township's Ordinance (which contains its own definition section and similarly defines "divide and division" to require satisfaction of the requirements of sections 108 and 109 of the Land Division Act). Bloomfield Twp. Ord. 18-228, 18-230.

Section 109(1) sets forth the requirements for municipal approval of a proposed division of a parcel, providing in relevant part:

> An application is complete if it contains information necessary to ascertain whether the requirements of section 108 and this section [109] are met. . . . A complete application for a proposed division *shall be approved* if, in addition to the requirements of section 108, all of the following requirements are met [§ 109(1)(a) – (g)] . . . ."

M.C.L. 560.109(1) (emphasis added). For purposes of these motions it is undisputed that plaintiff complied with the requirements of Sections 108 and 109(1)(a) – (g). Therefore, plaintiff maintains that it had a complete application for purposes of Section 109. Section 109 provides that "[a] complete application for a proposed division *shall be approved if*, in

-8-

addition to the requirements of section 108, all of the following requirements are met[.]" M.C.L. 560.109(1) (emphasis added). The term "shall" in section 109(1) has been held to be "an unambiguous statement of mandatory action." *Trachsel v. Auburn Hills City Council*, No. 236545, 2002 WL 31940735, at *1 (Mich. Ct. App. Nov. 26, 2002) (citing *Roberts v. Mecosta Cnty. Gen. Hosp.*, 642 N.W.2d 663, 668 (Mich. 2002) (the phrase "shall" is unambiguous and denotes a "mandatory, rather than discretionary action")).

The basis for the Township's denial of the Application was an additional requirement that the proposed division meet a compatibility and harmony factor. Plaintiff maintains that this requirement from the Township Ordinance is preempted by the Land Division act because it directly conflicts with Section 109. Plaintiff argues that because the Land Division Act leaves no discretion for a municipality to reject a proposed division that meets all of the Act's requirements, plaintiff has a constitutionally protected property interest.

Plaintiff's interpretation of the Land Division Act is circuitous because the definition of "division" incorporates Sections 108 and 109, and those sections each use the term division in laying out their requirements. In fact,

Section 108 starts by stating, "A division is not subject to the platting requirements of this act." 560.108(1). Plaintiff's interpretation is in direct conflict with the language of Section 263, which applies to the division of parcels in recorded plats.

Sections 108 and 109 were added to the Land Division Act by amendment in 1997. The Legislative Analysis of the bill states that a division would not be subject to the Act's platting requirements and instead would be subject to the requirements of sections 108 and 109. The Legislative Analysis provides that a *subdivision* would be subject to platting.

There is a logical rationale of this distinction. For lot splits under Section 263, the property has previously been platted and the size and dimensions of the lots have been determined by the municipality. There is no need for the legislature to intervene and impose restrictions on further divisions of already platted property since it is subject to local ordinances. Sections 108 and 109 deal with acreage property which is not part of a master plat, so the legislature has determined to impose certain requirements on such divisions.

Section 263, which specifically applies to platted land, uses the phrase "further partitioned or divided" because the lots have already been

divided during the platting process. Section 263 must be read such that the word "further" modifies both partitioned and divided, both as a matter of statutory construction and because in fact Section 263 applies only to land that has already been divided or partitioned when it was platted. The court concludes that the meaning of the phrase "further partitioned or divided" in Section 263 should be given its common meaning instead of using the definition of "division" in Section 102(d). This avoids an interpretation that renders Section 263 meaningless, and is supported by the plain language of the statute as well as legislative intent as gleaned from the legislative analysis.

The Michigan Court of Appeals upheld harmony principles when it reversed a circuit court's determination that a proposed split of a residential lot would not create disharmony in the neighborhood. The court gave due weight to the planning commission's finding to the contrary and deemed the circuit court's ruling a substitution of its own judgment for that of the planning commission. *Gordon v. Bloomfield Hills*, 207 Mich. App. 231 (1994). In *Davenport v. GP Farms Zoning Board*, 210 Mich. App. 400 (1995), the court followed the reasoning in *Gordon*. Plaintiff points out that these cases were decided before Sections 108 and 109 were added to the

Land Division Act. However, having concluded that Sections 108 and 109 are not incorporated into Section 263 by way of the definition of the term "division," the cases are still good law with respect to applying Section 263 to the further partitioning or dividing of platted land.

The court finds that plaintiff does not have a constitutionally protected property interest in having its Lot Split Application approved. Defendant Township was within its purview in making the determination under the terms of its Ordinance that plaintiff's Lot Split Application should be denied. Therefore, the Township did not arbitrarily and capriciously deny plaintiff's property or substantive due process interests. Now, therefore,

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

Dated: February 7, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 7, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk