# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 23, 2018

Mr. Robert M. Carson
Mr. Christopher Aaron Grosman
Carson Fischer
4111 Andover Road
West-Second Floor
Bloomfield Hills, MI 48302

Mr. William P. Hampton
Township of Bloomfield
P.O. Box 489
Bloomfield Township, MI 48303-0489

Re: Case No. 18-1225, *GMS Development Holding Co. 3 v. Bloomfield Twp.*
Originating Case No. : 2:17-cv-10420

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0527n.06

No. 18-1225

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 23, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GMS DEVELOPMENT HOLDING CO. 3, LLC,<br>　　Plaintiff-Appellant,<br><br>v.<br><br>BLOOMFIELD TOWNSHIP,<br>　　Defendant-Appellee. | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF MICHIGAN |

Before: SILER and KETHLEDGE, Circuit Judges; OLIVER, District Judge.[*]

KETHLEDGE, Circuit Judge.  GMS Development Holding applied to the Bloomfield Township for permission to split the company's lots into smaller parcels for development. The Township denied the application.  GMS thereafter brought this suit under 42 U.S.C. § 1983, arguing that the Township's denial violated GMS's right to substantive due process.  Specifically, GMS contended that state law compelled the Township to approve GMS's application and that, even if state law did not require approval, the Township applied its own ordinance arbitrarily.  The district court granted summary judgment for the Township.  We affirm.

I.

GMS owns three lots in Bloomfield Township.  In 2015, GMS applied to split those three lots into eight.  Michigan's Land Division Act required the Township to evaluate the proposal's compliance with the Act.  *See* M.C.L. § 560.109(1).  The parties do not dispute that GMS's

---

[*] The Honorable Judge Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

proposal met the Act's requirements. But the Township also reviewed whether the proposal satisfied the Township's own ordinance governing applications for lot splits. That ordinance contains several technical requirements and a more subjective one: that the split "not be inconsistent or incompatible with the existing lots, parcels and uses in the neighborhood in which the property is situated." Charter Township of Bloomfield, MI., Code § 18-232(6). The Township's Board of Trustees found that GMS's proposed split would be inconsistent with the existing lots in the neighborhood, and thus denied the application on that ground.

GMS afterward sought an injunction in federal court, arguing that the Township had violated GMS's right to substantive due process by rejecting the company's application. Specifically, GMS contended that Michigan's Land Division Act preempted the Township's ordinance and required the Township to approve the application. GMS also alleged that the Township applied its ordinance arbitrarily. Both parties moved for summary judgment. The district court granted the Township's motion, holding that the Land Division Act allowed the Township to apply its ordinance, and thus the Township had not violated GMS's substantive due process rights. GMS brought this appeal.

II.

We review the district court's grant of summary judgment de novo. *See Gradisher v. City of Akron*, 794 F.3d 574, 582 (6th Cir. 2015).

GMS must show two things to establish that the Township violated its substantive due process rights: first, that it has a constitutionally protected property or liberty interest; and second, that the Township deprived the company of that interest through a decision that was arbitrary and irrational. *See Paterek v. Vill. of Armada*, 801 F.3d 630, 648 (6th Cir. 2015).

No. 18-1225, *GMS Dev. Holding Co. 3 v. Bloomfield Twp.*

The parties focus on the first question: whether GMS has a property right. To answer that question, the parties engage in lengthy analysis about whether Michigan's Land Division Act preempts the Township's ordinance about lot splits. We proceed instead to the question whether the Constitution has anything to say about the Township's decision, even if the Township happened to misapply a state statute in making it.

To show a violation of substantive due process, GMS must show "arbitrary and capricious action in the *strict* sense," meaning a decision that either lacks a "rational basis" or is "willful and unreasoning." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221-22 (6th Cir. 1992) (emphasis in original) (quoting another case); *see, e.g.*, *Hussein v. City of Perrysburg*, 617 F.3d 828, 833 (6th Cir. 2010); *cf. Fednav, Ltd. v. Chester*, 547 F.3d 607, 624 (6th Cir. 2008). Here, the Township found that GMS's proposal would violate the ordinance because the smaller new lots would not be "compatible" or "harmonious" with the other, much larger lots in the neighborhood. Local governments make that sort of judgment every day, and nothing about the Township's reasoning here allows us to deem its decision constitutionally arbitrary. *See Brody v. City of Mason*, 250 F.3d 432, 438 (6th Cir. 2001). This is simply a dispute about which the federal Constitution has nothing to do.

The district court's judgment is affirmed.